1   Marc A. Karish (State Bar No. 205440)
2   A. Eric Bjorgum (State Bar No. 198392)
    Daniel R. Kimbell (State Bar No. 136837)
3   KARISH & BJORGUM, PC
    238 E. Union Street, Unit A
4   Pasadena, California 91101
5   Telephone: (213) 785-8070
    Facsimile: (213) 995-5010
6   E-Mail: marc.karish@kb-ip.com

7   Attorneys for Plaintiff
    NATROL, INC.
8

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12
                                        CV12- 09979 JCG
13   NATROL, INC., a California           Case No.
     corporation, dba Medical Research
14   Institute,
                                          COMPLAINT FOR:
15              Plaintiff,
                                          1) FALSE DESIGNATION OF
16        vs.                                ORIGIN
                                          2) COMMON LAW
17   METABOLIC RESPONSE                      TRADEMARK
18   MODIFIERS, a California corporation;    INFRINGEMENT
     and DOES 1 – 10, inclusive,          3) COMMON LAW UNFAIR
19                                           COMPETITION
20              Defendants.               4) UNFAIR COMPETITION,
                                             CAL. BUS. & PROF. CODE
21                                           §17200
22
                                          REQUEST FOR JURY TRIAL
23

24

25

26

27

28

                                                            COMPLAINT

Plaintiff NATROL, INC., by its attorneys, Karish & Bjorgum, PC, files this Complaint against METABOLIC RESPONSE MODIFIERS, INC. as follows:

## JURISDICTION AND VENUE

1.      This is an action for trade dress infringement arising under the acts of Congress relating to trademarks and unfair competition, 15 U.S.C. § 1125 *et. seq.* This court has jurisdiction over this case under 28 U.S.C. §§ 1331, 1338(a) and 1338(b) providing for federal question jurisdiction of actions arising under the Lanham Act.  This court has supplemental jurisdiction over the plaintiff's non-federal claims under 28 U.S.C. § 1367 in that those claims are so related to plaintiffs' federal claims that they form part of the same case or controversy.

2.      Upon information and belief, Defendants have transacted business and committed acts of infringement within the State of California, and the Central District of California, and are subject to the personal jurisdiction of this Court.

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

4.      Upon information and belief, Defendant resides in this District for the purposes of venue, insofar as they are subject to personal jurisdiction in this District, have committed acts of infringement in this District, solicit business in this District, and conduct other business in this District.

## THE PARTIES AND GENERAL ALLEGATIONS

5.      NATROL, INC. ("NATROL") is a corporation organized under the laws of California with its principal place of business located in Chatsworth, California.

6.      NATROL is informed and believes and based thereon alleges that Defendant METABOLIC RESPONSE MODIFIERS ("MRM") is a corporation organized under the laws of the State of California, with its principal place of business located at 2665 Vista Pacific Drive, Oceanside, CA 92056.

COMPLAINT

7.     NATROL is informed and believes and based thereon alleges that the defendants sued herein as Does 1-10 are individuals and entities who are customers of MRM whose names and identities are currently unknown to NATROL and who are engaged in the acts described below. NATROL will amend the Complaint to identify these individuals or entities as soon as their identities become known.

## NATROL TRADE DRESS

8.     NATROL has developed and used very unique trade dress in connection with its nutritional supplement products that comprises a label that wraps around bottles. The label has a dark purple portion that begins from the right front portion of the label which bridges from the top to the bottom of the label, and extends to the left edge of the label. A light purple swish extends downwardly from the top left front of the label and helps delineate the front face of the label. The product name is printed in a distinctive yellow font at the front-most portion of the label in the dark purple portion. To the right of the dark purple portion is a portion of the label in light purple that wraps around to the right hand edge of the label. Hereinafter, we refer to this as the "NATROL Purple Label Trade Dress". A photograph of NATROL's CoQ-10 10 mg softgel product showing the NATROL Purple Label Trade Dress is attached as Exhibit "A".

9.     The NATROL Purple Label Trade Dress is inherently distinctive.

10.     NATROL has been selling in the United States (including in the State of California) nutritional supplements bearing the NATROL Purple Label Trade Dress continuously since at least as early as 1994.

11.     Due to the extensive use and promotion of the NATROL Purple Label Trade Dress it has acquired secondary meaning.

12.     NATROL is informed and believes and based thereon alleges that MRM is selling in the United States products bearing trade dress that is confusingly similar to the NATROL Purple Label Trade Dress ("the MRM Purple

Labels"). A photograph of Defendant's CoQ-10 100 mg softgel product bearing the MRM Purple Label is attached as Exhibit "B".

13.   The MRM Purple Labels include a dark purple central portion that extends from the top to the bottom edge of the label. The product name is printed in a yellow font that is nearly identical to that of NATROL's Purple Label Trade Dress. To both sides of the dark purple central portion are light purple portions that wrap around the left and right side edges of the label and there is text in the middle.

14.   NATROL is informed and believes and based thereon alleges that Defendant's products bearing the MRM Purple Labels include, but are not limited to Acetyl L-Carnitine, Beyond Basics™ MultiVitamin/Mineral, Cranberry Extract, Red Yeast Rice, Resveratrol, Acetyl L-Carnitine, Alpha Lipoic Acid (ALA) 100 mg 60 Vcaps, Alpha Lipoic Acid (ALA) 300 mg 60 Vegetarian Tablets, BioSorb Silymarin, Cardio-Chelate, CholESStat, Complete E, CoQ-10 100 mg, CoQ-10 with L-Carnitine, Grape Seed Extract, Flax Oil 1000 mg, PS (PhosphatidylSerine) 100 mg, Saw Palmetto 160 mg, DHEA (micronized) 25 mg Vcaps, DHEA (micronized) 50 mg Vcaps, Melatonin 3mg, MSM Topical Cream, Pregnenolone 50 MG, Rejuviné, St. John's Wort, Bone Maximizer™ II MCHC Complex-180 Capsules, Bone Maximizer™ III MCHC Complex-180 Capsules, Cal-Mag-Zinc Liquid, Glucosamine Chondroitin, MSM 1000 mg- 120 Vcaps, MSM 1500 mg-160 Vcaps, MSM Crystals, MSM Topical Cream, SerraTrol™ 10 mg, Biotin 5 mg, Digest-ALL™ (Vegetarian plant enzyme complex), Liver X with BioSorb™, Neuro-Max II, ProLobium™, Relax-ALL™, Thyroid Balance™, Acetyl L-Carnitine Liquid, Ginkgo B™, Vitamin B12, Cordyceps, Quercetin 500 mg ("Defendant's products").

15.   Defendant's products infringe the NATROL Purple Label Trade Dress.

16. Defendant has been advised that they are infringing NATROL's rights.

17. Plaintiff is informed and believes and based thereon alleges that the actions of Defendants herein were conducted with fraud, oppression, and malice in an attempt to trade on the goodwill of NATROL's Purple Label Trade Dress.

### FIRST CLAIM FOR RELIEF

### (False Designation of Origin, 15 U.S.C. § 1125(a))

18. NATROL realleges and incorporates the allegations in paragraphs 1 through 17 as if set forth fully herein.

19. NATROL has never authorized or consented to Defendant's use of the NATROL Purple Label Trade Dress. Defendant's use of the MRM Purple Labels without the authority of NATROL is likely to cause confusion, deception and mistake in that members of the relevant consuming public are likely to assume that NATROL is the source of Defendant's products.

20. NATROL is informed and believes and based thereon alleges that the Defendant's acts as alleged herein have been undertaken with full knowledge of NATROL's rights and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with the NATROL Purple Label Trade Dress.

21. Defendant's unauthorized use of the MRM Purple Labels is likely to cause confusion, mistake or deception as to the affiliation, connection or association of the Defendant with NATROL, or as to the origin, sponsorship or approval of Defendant's product by NATROL in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

22. By reason of Defendant's conduct as alleged herein, NATROL suffered damage to their business, reputation and goodwill and the loss of profits and sales it would have made but for Defendant's conduct.

COMPLAINT

23. Defendant's acts of infringement have caused and will continue to cause irreparable and immediate injury to NATROL for which NATROL has no adequate remedy at law. Unless Defendant is restrained by this Court from continuing its infringement, these injuries will continue to occur.

## SECOND CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

24. NATROL realleges and incorporates the allegations in paragraphs 1 through 23 as if set forth fully herein.

25. The above-described acts of Defendant constitute common law trademark infringement. Such acts have caused and will continue to cause irreparable and immediate injury to NATROL for which NATROL has no adequate remedy at law. Unless Defendant is restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

26. NATROL is informed and believes and based thereon alleges that the foregoing acts of the Defendants are fraudulent, oppressive, willful and malicious in that they have been undertaken with a conscious disregard of NATROL's rights and with a desire to injure NATROL's business and to improve their own.

## THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition)

27. NATROL realleges and incorporates the allegations in paragraphs 1 through 26 as if set forth fully herein.

28. The above-described acts of Defendant constitute common law unfair competition. Such acts have caused and will continue to cause irreparable and immediate injury to NATROL for which NATROL has no adequate remedy at law. Unless Defendant is restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

29. NATROL is informed and believes and based thereon alleges that the foregoing acts of the Defendant are fraudulent, oppressive, willful and malicious in

COMPLAINT

that they have been undertaken with a conscious disregard of NATROL's rights
and with a desire to injure NATROL's business and to improve their own.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition, Cal. Bus. & Prof. Code §17200)

30.     NATROL realleges and incorporates the allegations in paragraphs 1
through 29 as if set forth fully herein.

31.     The above-described acts of Defendant constitutes unfair competition
within the meaning of California Business and Professions Code section 17200.
Such acts have caused and will continue to cause irreparable and immediate injury
to NATROL for which NATROL has no adequate remedy at law.  Unless
Defendant is restrained by this Court from continuing the acts alleged herein, these
injuries will continue to occur.

## PRAYER FOR RELIEF

WHEREFORE, NATROL prays for judgment against Defendant as follows:

1.     The Court preliminarily and permanently restrain and enjoin
Defendant and their officers, directors, agents, employees, licensees, successors
and assigns and all others acting in concert and participating with Defendant from:

a.     Directly or indirectly manufacturing, producing, printing,
distributing, importing, trafficking in, selling, offering for sale, possessing,
advertising, promoting or displaying any products, including nutritional
supplements, bearing any simulation, reproduction, copy or colorable imitation of
the NATROL Purple Label Trade Dress;

b.     Directly or indirectly printing and/or importing into the United
States any items bearing any simulation, reproduction, copy or colorable imitation
of the NATROL Purple Label Trade Dress;

COMPLAINT

c. Directly or indirectly printing and/or importing into the United States any items bearing any simulation, reproduction, copy or colorable imitation of the MRM Purple Labels;

d. Making any unauthorized use of the NATROL Purple Label Trade Dress in such a way as to cause confusion, mistake or deception as to the affiliation, connection or association of the Defendant with NATROL or as to the origin, sponsorship or approval of Defendant's products;

e. Using any false designation of origin or false description or misrepresentation, or performing any other act which is likely to mislead the trade or public, or individual members thereof, into believing that the Defendant's products are associated or connected with NATROL;

f. Otherwise infringing NATROL's rights in and to the NATROL Purple Label Trade Dress;

g. For an order directing the Defendant to deliver for destruction all products, labels, boxes, bottles, signs, prints, packages, wrappers, and artwork in their possession, or under their control, bearing or intended to bear any simulation, reproduction, copy or colorable imitation of the NATROL Purple Label Trade Dress, including all plates, molds, matrices and other means of making the same;

2. For compensatory damages according to proof.

3. The Court treble the damages award to NATROL as a consequence of Defendants' willful infringement;

4. The Court award NATROL its costs, interest and attorney's fees; and

1        5.    The Court award NATROL such other and further relief as the Court

2    deems just and proper

3

4    Dated: November 20, 2012         KARISH & BJORGUM, PC

5

6                                    By:

7                                    Marc Karish
                                Attorneys for Plaintiff

8                                    NATROL. INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            **COMPLAINT**

## **REQUEST FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), NATROL hereby requests a trial by jury of all issues raised by the complaint which are properly triable to a jury.

Dated: November 20, 2012                     KARISH & BJORGUM, PC

By: _____
                                             Marc A. Karish
                                             Attorneys for Plaintiff
                                             NATROL. INC.

**COMPLAINT**

EXHIBIT A



EXHIBIT B



Name & Address: Marc Karish (SBN 205440)
KARISH & BJORGUM, PC
238 E. Union Street, Unit A
Pasadena, CA 91101
213.785.8070 (T) 213.995.5010(F)
marc.karish@kb-ip.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| NATROL, INC., a California corporation, dba Medical Research Institute, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV12-09979** JCG |
| v. | |
| METABOLIC RESPONSE MODIFIERS, a California corporation; and DOES 1 – 10, inclusive, | |
| | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within **21** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Marc Karish_____, whose address is _238 East Union Street, Pasadena, CA 91101_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

NOV 2 0 2012

Clerk, U.S. District Court

**JULIE PRADO**

Dated: _____          By: _____
                                                       Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                                    SUMMONS